# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-68 |
| ) | Judge Nora Barry Fischer |
| RASHIKA PORTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is a Motion for Release Pending Sentencing (Docket No. 114) filed by Defendant Rashika Porter ("Defendant"), which is opposed by the Government. (Docket No. 116). After careful consideration of the parties' positions, Defendant's Motion is denied.

**I.   PROCEDURAL HISTORY**

On March 14, 2018, Defendant was charged in a one-count Indictment with possession with intent to distribute less than 500 grams of cocaine on or about March 21, 2017, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Defendant was arraigned on March 21, 2018, he pled not guilty to the charge, waived a detention hearing, and he was ordered detained pending trial. As Defendant committed the instant offense while on federal supervised release at Criminal Nos. 08-139 (felon in possession of a firearm) and 09-267 (attempt to distribute and possess with intent to distribute 5 kilograms or more of cocaine), violation petitions were filed in each of those cases. Defendant waived a detention hearing as to both supervised release violation matters and the petitions remain pending before the Honorable Donetta Ambrose.

On December 2, 2019, Defendant pled guilty to the one-count Indictment in this case pursuant to a plea agreement. The Court advised Defendant at the change of plea hearing that he is subject to a maximum term of thirty years' imprisonment, given the Government's filing of an

1

Information under 21 U.S.C. § 851 stating that Defendant has prior convictions as a basis for increased punishment.[1]

The parties stipulated in the plea agreement that, if the Court determines Defendant is a career offender, the appropriate sentence is a term of ten (10) years' imprisonment, six (6) years' supervised release, no fine and a $100 special assessment. (Docket No. 105-1, ¶ C.3). If the Court determines that Defendant is not a career offender, the parties reserved the right to make any argument at sentencing. (*Id.*).

On December 27, 2019, the Government submitted its brief addressing whether Defendant's prior Attempt Conviction is a career offender predicate. (Docket No. 110 at 1). The Government argued that the Attempt Conviction qualifies as such under *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994), wherein the Third Circuit Court of Appeals held that counting inchoate offenses as career offender predicates is a valid interpretation of the Guidelines. (Docket No. 110 at 2-4). Although *Hightower* remains good law, the Government acknowledged that there are three appeals pending in the Third Circuit that raise issues related to *Hightower*: *United States v. Nasir*, No. 18-2888; *United States. v. Roman*, No. 19-1598; and *United States v. Brown*, No. 19-1540. (*Id.* at 3, n.1).

Defendant did not respond to the Government's career offender argument, but rather filed a motion to stay the briefing schedule pending the Third Circuit's decision in *Nasir*, which the Court granted. (Docket Nos. 112, 113). Pursuant to the Court's Order, all presentence deadlines and the sentencing hearing were cancelled until further order. (Docket No. 113).

---

[1] The § 851 Information charges that Defendant previously was convicted: (1) on or about July 24, 2012, in the District Court for the Western District of Pennsylvania, at Criminal No. 09-267, of the crime of attempt to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (the "Attempt Conviction"); and (2) on or about September 17, 2003, in the Court of Common Pleas of Allegheny County, Pennsylvania, at Criminal Case Number 2000-586, of possession with intent to deliver a controlled substance, in violation of 35 P.S. § 780-113(a)(30). (Docket No. 104).

On January 20, 2020, Defendant filed the motion for release pending sentencing and the Government filed its response in opposition on January 31, 2020. (Docket Nos. 114, 116). Defendant did not file a reply by the established deadline of February 14, 2020. Accordingly, Defendant's motion is ripe for disposition and will be denied.

**II.     ANALYSIS**

A defendant who has been convicted of a controlled substance offense for which the maximum term of imprisonment is ten years or more must be detained pending imposition or execution of sentence unless the judicial officer finds: (1) "a substantial likelihood that a motion for acquittal or new trial will be granted," or government counsel recommends that no sentence of imprisonment be imposed; and (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Defendant acknowledges that he does not qualify for release pending sentencing under § 3143(a)(2) because the controlled substance offense to which he pled guilty carries a maximum term of thirty years' imprisonment and the Government has not recommended no imprisonment. (Docket No. 114, ¶ 4).

Despite same, Defendant contends that he is eligible for release under 18 U.S.C. § 3145(c) which permits release upon a finding of exceptional reasons. (Docket No. 114, ¶¶ 4-6). Under § 3145(c), a person subject to detention pursuant to § 3143(a)(2), and who meets the conditions of release set forth in § 3143(a)(1),[2] "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Defendant asserts that exceptional reasons exist

---

2     Pursuant to 18 U.S.C. § 3143(a)(1), the judicial officer "shall" detain a defendant "who has been found guilty of an offense and who is awaiting imposition or execution of sentence," unless the judicial officer finds by "clear and convincing evidence" that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.

3

in his case because: (1) the plea agreement provides that the ultimate sentence imposed will depend on his career offender status; the legal issue bearing on that matter is pending before the Third Circuit in *Nasir*; if *Nasir* is decided in his favor, a sentence within the likely advisory guidelines range of 30-37 months' imprisonment would essentially be a time-served sentence if he was sentenced now; thus, his continued detention could cause him to serve more jail time than this Court may impose at sentencing; and (2) his paramour, who is the mother of his children, is suffering from serious health issues and he hopes to return home to help provide for his family. (*Id.* ¶¶ 7-12, 15). Defendant also claims that he is not a flight risk or a danger to the community. (*Id.* ¶ 14).

As an initial matter, the Third Circuit Court of Appeals has not addressed whether a district court has the discretionary authority to apply 18 U.S.C. § 3145(c) and courts in this District have reached conflicting determinations on the issue. In *United States v. Salome*, 870 F. Supp. 648, 652-53 (W.D. Pa. 1994), Judge Diamond concluded that the plain language of § 3145(c), and the overall structure of § 3145, does not authorize the district court to release a defendant for exceptional reasons because the statute is applicable only on appeals from release or detention orders. *See also United States v. Nesser*, 937 F. Supp. 507, 508-09 (W.D. Pa. 1996) (adopting reasoning of *Salome*). *Salome* is a leading case explaining the minority view on this issue. *See United States v. Smith*, 34 F. Supp. 3d 541, 551-52 (W.D. Pa. 2014).

In *Smith*, Judge Gibson disagreed with *Salome* and held, consistent with the majority of courts to consider the issue, that the district court has discretionary authority under § 3145(c) to determine whether exceptional reasons exist to release a defendant from custody pending sentencing. 34 F. Supp. 3d at 547, 552. Judge Gibson agreed with the majority view for four principal reasons: (1) the plain meaning of the statute; (2) the legislative history; (3) the weight of

appellate and district court authority; and (4) certain pragmatic considerations. *Id.* at 547-51.

After carefully considering the precedent in this District and other persuasive authority, this Court concludes that the reasoning and analysis of the majority view as summarized in *Smith* is the sound approach and adopts same. Accordingly, the Court finds that it has the discretionary authority to apply 18 U.S.C. § 3145(c) and determine whether exceptional reasons exist to release Defendant from custody pending sentencing.

As to application of § 3145(c), a person like Defendant who is subject to detention pursuant to § 3143(a)(2), and who meets the conditions of release set forth in § 3143(a)(1), may be released if it is clearly shown that exceptional reasons exist. Initially, Defendant does not meet the conditions of release set forth in § 3143(a)(1). Despite Defendant's broad assertion that he is not a flight risk or a danger to the community, (*see* Docket No. 114, ¶ 14), he has presented no evidence which would permit the Court to find by clear and convincing evidence that is so. *See Smith*, 34 F. Supp. 3d at 544 (observing that § 3143(a)(1) "'creates a presumption in favor of detention pending sentencing,' which a defendant can rebut only if she meets her high burden of proving by clear and convincing evidence that she is not a flight risk or a danger to the community") (citations omitted). Rather, the record shows that Defendant committed the cocaine trafficking offense in this case while he was on federal supervision in Criminal Nos. 08-139 and 09-267, thereby demonstrating his propensity to engage in illicit conduct which poses a danger to the community even when under court-ordered conditions.

Even if Defendant could establish that he meets the conditions of release set forth in § 3143(a)(1), he has not clearly shown that exceptional reasons exist to warrant his release pending sentencing. *See Smith*, 34 F. Supp. 3d at 553 ("The burden is on Defendant to show by clear and convincing evidence why her detention would not be appropriate based on exceptional reasons.")

5

(citation omitted). To that end, "exceptional requires something 'out of the ordinary' to distinguish the defendant's case from those of [other defendants] subject to mandatory detention." *Id.* (quoting *Salome*, 870 F. Supp. at 653). "Most courts have defined 'exceptional' under § 3145(c) as 'clearly out of the ordinary, uncommon, or rare.'" *Smith*, 34 F. Supp. 3d at 553 (citations omitted).

Defendant's assertion that his continued detention could cause him to serve more jail time than this Court may impose at sentencing is not an exceptional reason for release. Courts have recognized in the context of release pending appeal that "a legal issue may be of such weight that it forms the basis of an 'exceptional reason' against detention." *United States v. Garcia*, 340 F.3d 1013, 1020 (9th Cir. 2003) (quoting *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992)). To demonstrate an exceptional reason, there must be "an unusually strong chance" that the defendant will prevail on the legal issue. *Garcia*, 340 F.3d at 1020.

Here, Defendant has not shown a strong chance that *Nasir* will be decided in his favor for purposes of career offender status. However, even if *Nasir* is decided in Defendant's favor, his contention that a sentence within the likely guidelines range of 30-37 months' imprisonment would effectively be a time-served sentence if imposed now is based solely on his own speculation that he would be sentenced at the low end of that range, receive good conduct time and be sentenced to a halfway house. *See* Docket No. 114, ¶¶ 8, 11. Moreover, Defendant overlooks that he also faces possible sentences of incarceration for his supervised release violations at Criminal Nos. 08-139 and 09-276,[3] which further undercuts his assertion that continued detention could cause him to serve more jail time than the Court may impose at sentencing in this case. As such, Defendant's

---

3  According to the plea agreement, "[i]f the Court determines the defendant is not a Career Offender, there is no agreement as to the appropriate sentence for the supervised release violations at Criminal Nos. 08-139 and 09-276." (Docket No. 105-1, ¶ C.3). In that instance, the advisory Guidelines provide that any term of imprisonment imposed upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the supervised release revocation. U.S.S.G. § 7B1.3(f).

claim concerning the projected term of imprisonment is not an exceptional reason justifying release pending sentencing. *See Salome*, 870 F. Supp. at 655 (recognizing that the length of time a defendant will be incarcerated pending sentencing and/or appeal is common to all defendants and therefore does not qualify as exceptional).

Additionally, Defendant's claim that the mother of his children is suffering from unspecified serious health issues and he hopes to return home to help provide for his family does not constitute exceptional reasons for release. As explained in *Smith*, "[m]ost courts agree that 'purely personal' circumstances do not typically rise to the level of exceptional." 34 F. Supp. 3d at 554; *see also United States v. Castro*, Crim. No. 15-362, 2016 WL 3446660, at *3 (E.D. Pa. June 23, 2016) (noting that mere personal reasons, including caring for a family or maintaining employment, are not exceptional reasons). "'[I]ncarceration regrettably inflicts family hardship on many, if not most, defendants,' [thus] family hardships will not ordinarily constitute exceptional reasons for release pending sentencing." *Smith*, 34 F. Supp. 3d at 554 (quoting *United States v. Burnett*, 76 F. Supp. 2d 846, 849 (E.D. Tenn. 1999)). While the Court is sympathetic to Defendant's concerns regarding his family responsibilities, those concerns are not uncommon and do not qualify as exceptional reasons which warrant release.[4]

In sum, by the nature of his plea, Defendant is guilty of an offense prohibited by the Controlled Substances Act which carries a maximum term of thirty years' imprisonment. Defendant has not presented clear and convincing evidence that he is not likely to flee and is not a danger to the community, and he has failed to clearly establish exceptional reasons to qualify

---

4      As the district court aptly noted in *Burnett*, if personal hardships qualified to prevent detention, "then inevitably defendants committing the same offenses would be treated disparately for reasons unrelated to their crimes or personal character." 76 F. Supp. 2d at 850. For instance, "[a] drug trafficker with no family would immediately go to jail while a drug trafficker convicted of the same offense with a family would remain on bail." *Id*. This Court agrees that such disparity "would be contrary to the goals of the federal criminal legal system and would not be a desirable objective of a just system of law." *Id*.

him for release under 18 U.S.C. § 3145(c). Accordingly, Defendant must remain detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

III.  **CONCLUSION**

For the reasons detailed herein, the Court concludes that Defendant has not shown that he meets the requirements of 18 U.S.C. § 3145(c) for release pending sentencing. Accordingly, Defendant's motion is denied.

An appropriate Order follows.

**ORDER OF COURT**

AND NOW, this 5th day of March, 2020, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's Motion for Release Pending Sentencing (Docket No. 114) is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc/ecf: All counsel of record