**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-68 |
| | ) Senior Judge Nora Barry Fischer |
| RASHIKA PORTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

## I.    INTRODUCTION

Presently before the Court is Defendant Rashika Porter's sealed Renewed Motion for Release Pending Sentencing in which he requests that the Court release him from the Allegheny County Jail ("ACJ") due to the COVID-19 pandemic, the Government's Response in opposition thereto, Defendant's Reply and the Government's sealed Sur-reply (Docket Nos. 123, 125, 127, 131). After careful consideration of the parties' arguments as well as the position of the United States Probation Office, which continues to recommend detention, and for the following reasons, Defendant's Motion is DENIED.

## II.    BACKGROUND

On March 14, 2018, Defendant was charged in a one-count Indictment with possession with intent to distribute less than 500 grams of cocaine on or about March 21, 2017, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Defendant was arraigned on March 21, 2018, he pled not guilty to the charge, waived a detention hearing, and he was ordered detained pending trial. As Defendant committed the instant offense while on federal supervised release at Criminal Nos. 08-139 (felon in possession of a firearm) and 09-267 (attempt to distribute and possess with intent to distribute five kilograms or more of cocaine), violation petitions were filed in each of those

1

cases.  Defendant waived a detention hearing as to both supervised release violation matters and the petitions remain pending before the Honorable Donetta Ambrose.

On December 2, 2019, Defendant pled guilty to the one-count Indictment in this case pursuant to a plea agreement.  The Court advised Defendant at the change of plea hearing that he is subject to a maximum term of thirty years' imprisonment, given the Government's filing of an Information under 21 U.S.C. § 851 stating that he has prior convictions as a basis for increased punishment.[1]

According to the parties' stipulation in the plea agreement, if the Court determines Defendant is a career offender, the appropriate sentence is a term of ten (10) years' imprisonment, six (6) years' supervised release, no fine and a $100 special assessment.  (Docket No. 105-1, ¶ C.3).  If the Court determines that Defendant is not a career offender, the parties reserve the right to make any argument at sentencing.  (*Id.*).

On December 27, 2019, the Government submitted its brief arguing that Defendant's prior Attempt Conviction is a career offender predicate under *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994), wherein the Third Circuit Court of Appeals held that counting inchoate offenses as career offender predicates is a valid interpretation of the Guidelines.  (Docket No. 110 at 2-4).  Although *Hightower* remains good law, the Government acknowledged that there are three appeals pending in the Third Circuit that raise issues related to *Hightower*: *United States v. Nasir*, No. 18-2888; *United States. v. Roman*, No. 19-1598; and *United States v. Brown*, No. 19-1540. (*Id.* at 3, n.1).

---

[1]       The § 851 Information charges that Defendant previously was convicted: (1) on or about July 24, 2012, in the District Court for the Western District of Pennsylvania, at Criminal No. 09-267, of the crime of attempt to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (the "Attempt Conviction"); and (2) on or about September 17, 2003, in the Court of Common Pleas of Allegheny County, Pennsylvania, at Criminal Case Number 2000-586, of possession with intent to deliver a controlled substance, in violation of 35 P.S. § 780-113(a)(30).  (Docket No. 104).

Defendant did not respond to the Government's career offender argument, but rather moved to stay the briefing schedule pending the Third Circuit's decision in *Nasir*, which the Court granted. (Docket Nos. 112, 113). Pursuant to the Court's Order, all presentence deadlines and the sentencing hearing were cancelled until further order. (Docket No. 113).

On January 20, 2020, Defendant filed a motion for release pending sentencing, which the Court denied on March 5, 2020. (Docket Nos. 114, 120). In denying Defendant's motion, the Court held:

> [B]y the nature of his plea, Defendant is guilty of an offense prohibited by the Controlled Substances Act which carries a maximum term of thirty years' imprisonment. Defendant has not presented clear and convincing evidence that he is not likely to flee and is not a danger to the community, and he has failed to clearly establish exceptional reasons to qualify him for release under 18 U.S.C. § 3145(c). Accordingly, Defendant must remain detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

*United States v. Porter*, Crim. No. 18-68, 2020 WL 1061512, at *4 (W.D. Pa. Mar. 5, 2020).

On April 1, 2020, Defendant filed the Renewed Motion for release in which he contends that the COVID-19 pandemic constitutes an exceptional reason to release him from the ACJ and place him on home confinement pending sentencing.[2] (Docket No. 123, ¶ 8). Defendant avers that he has been receiving medical treatment at the ACJ for severe stomach pain, asthma, diarrhea, high blood pressure and a vitamin D deficiency and attaches medical records to his motion concerning same. (*Id.* ¶ 9). Defendant also claims that he may be suffering from Crohn's disease and a consultation with a gastroenterologist is scheduled on May 22, 2020. (*Id.* ¶ 10). According to Defendant, his asthma, high blood pressure and possible Crohn's disease make him more susceptible to contracting COVID-19, thus he requests release so that he can quarantine at his residence with his paramour and children. (*Id.* ¶¶ 13, 16, 19). Defendant maintains that the

---

[2]     Defendant also filed a motion for release pending disposition of the supervised release violation hearing at Criminal Nos. 08-139 and 09-267 before Judge Ambrose.

circumstances involving COVID-19 at the ACJ, and those he argued in his prior motion for release, constitute extraordinary reasons for his release to home confinement under 18 U.S.C. § 3145(c). (*Id.* ¶ 20).

Pursuant to the Court's Order, the parties filed a status report indicating that they conferred and were unable to reach agreement regarding resolution of Defendant's Renewed Motion. (Docket No. 126).  The Government then filed its Response opposing Defendant's Motion on April 8, 2020.  (Docket No. 125).  The Government argues that Defendant still has failed to establish that he meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1) and, even if he did, the circumstances surrounding COVID-19 do not amount to exceptional reasons for release under § 3145(c).  (*Id.* at 8).  Additionally, the Government notes that the United States Probation Office continues to recommend detention given that Defendant violated numerous conditions of supervision and had an extremely poor record of compliance.  (*Id.* at 5).

In Reply filed on April 10, 2020, Defendant claims that he is suffering from severe abdominal pain, the ACJ has run out of medication to treat him and he has been locked down and denied medical treatment as a result of diagnosed cases of COVID-19 at the ACJ.  (Docket No. 127, ¶¶ 3-5).  According to Defendant, cases of COVID-19 at the ACJ are increasing and will only continue to do so.  (*Id.* ¶ 7).  Defendant again asserts that these circumstances, and those in his previous motion for release, warrant his release to home detention pending sentencing.  (*Id.* ¶ 9).

On April 20, 2020, the Government filed a sealed Sur-reply with attached email communications from Laura K. Williams, who is the Chief Deputy Warden of Healthcare Services at the ACJ, and Dr. Donald Stechschulte, who is a physician at the ACJ, along with Defendant's updated medical records.  (Docket Nos. 131; 131-1; 131-2).  Chief Deputy Warden Williams provided information about the ACJ's medical protocols generally, including that: (1) the jail is

not on lockdown, but there is reduced recreation time out of cell to comply with social distancing recommendations and to allow for extensive cleaning of high use areas; (2) the ACJ receives frequent medication deliveries from Kane Pharmacy and medications are widely available; (3) all medical conditions that exceed the level of care which the ACJ can provide are referred off-site and, if clinically necessary, hospital transfers continue; and (4) the ACJ continues to make outside referrals for medical conditions that require consultation with a specialist, but those matters are subject to the policies of UPMC and AHN specifying that non-emergent appointments be postponed.[3]   (Docket No. 131-1 at 3).   Dr. Stechschulte provided information relative to Defendant's specific situation, explaining that he has been seen multiple times and has had multiple tests, including an EKG, echocardiogram and abdominal ultrasound, all of which have been normal.  (*Id.* at 1).  According to Dr. Stechschulte, Defendant "probably has IBS [irritable bowel syndrome] but will need a colonoscopy to sort things out."  (*Id.*).  To that end, Dr. Stechschulte noted that Defendant has a GI appointment in May, which was scheduled by the outside specialist's office, not the jail.  (*Id.*).  Further, Defendant's medical records show that he was ordered to continue his current prescriptions[4] when he was seen on April 9, 2020, and a protein pump inhibitor (like Prilosec) was added to his medication regimen.  (Docket No. 131-2 at 32). Given this information, the Government submits that the ACJ takes the health of inmates, including Defendant, very seriously and is providing thorough care in the midst of this global pandemic.  (Docket No. 131 at 5).

---

[3]     The Court notes that hospital policies requiring the postponement of elective medical procedures and non-emergent matters apply equally to members of the public given the current circumstances presented by COVID-19.

[4]     Defendant's medical records indicate that he also takes blood pressure medication.  (Docket No. 131-2 at 22-23).

Overall, the Government contends that Defendant has failed to establish that: he is not receiving adequate care at the ACJ; the ACJ is unable to manage the effects of COVID-19; or he has been in direct contact with inmates who have been diagnosed with the virus.  (Docket No. 131 at ).  As such, the Government reiterates that there are no exceptional reasons which warrant Defendant's release pending sentencing.  (*Id.*).

After considering the parties' respective positions set forth in the briefing, and a review of the record, and for the reasons that follow, Defendant's release is not warranted under any provision of the Bail Reform Act.

## III.   DISCUSSION

At the outset, the Court repeats that Defendant's detention pending sentencing is mandated by 18 U.S.C. § 3143(a)(2), which provides that a defendant who has been convicted of a controlled substance offense for which the maximum term of imprisonment is ten years or more must be detained pending imposition or execution of sentence unless the judicial officer finds: (1) "a substantial likelihood that a motion for acquittal or new trial will be granted," or government counsel recommends that no sentence of imprisonment be imposed; and (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  18 U.S.C. § 3143(a)(2).   Defendant plainly does not qualify for release pending sentencing under § 3143(a)(2) because the controlled substance offense to which he pled guilty carries a maximum term of thirty years' imprisonment and the Government has not recommended no imprisonment.  Additionally, Defendant is a danger to the community for reasons explained below.  *See infra* at 8.

Nevertheless, Defendant now contends that the circumstances of his health conditions and the potential for exposure to COVID-19 at the ACJ, **and those argued in his prior motion**,

6

constitute exceptional reasons under 18 U.S.C. § 3145(c) for his release to home confinement. (Docket Nos. 123, ¶ 20; 127, ¶ 9) (emphasis added). Initially, the Court construes Defendant's reference to circumstances argued in his prior motion as an untimely request for the Court to reconsider its previous ruling denying release pending sentencing. *See Practices and Procedures of Judge Nora Barry Fischer Effective February 28, 2020*, § II. M. ("Any Motions for reconsideration shall be filed within seven (7) days.") *available at* https://www.pawd.uscourts.gov/sites/pawd/files/Fischer_Practices_Procedures_2_28_20.pdf. In addition to the untimely request, Defendant has demonstrated no basis for this Court to revisit its previous ruling that he did not establish exceptional reasons for release based on his legal argument concerning *Nasir* or his family circumstances, and therefore the Court will not reconsider the matter. As such, the Court will only address Defendant's new contention that his health conditions and the potential spread of COVID-19 at the ACJ present exceptional reasons for his release pending sentencing.

"Under § 3145(c), a person subject to detention pursuant to § 3143(a)(2), and who meets the conditions of release set forth in § 3143(a)(1), 'may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.'" *Porter*, 2020 WL 1061512, at *2 (quoting 18 U.S.C. § 3145(c)). This Court recently held "that it has the discretionary authority to apply 18 U.S.C. § 3145(c) and determine whether exceptional reasons exist to release Defendant from custody pending sentencing." *Porter*, 2020 WL 1061512, at *3. In this context, "'exceptional requires something out of the ordinary to distinguish the defendant's case from those of [other defendants] subject to mandatory detention.'" *Id*. (quoting *United States v. Smith*, 34 F. Supp. 3d 541, 553 (W.D. Pa. 2014)) (further quotation and citation omitted). "'Most courts have defined

exceptional under § 3145(c) as clearly out of the ordinary, uncommon, or rare.'" *Id.* (citations omitted).

In this Court's estimation, Defendant has failed once again to meet his burden to demonstrate that exceptional reasons warrant his release from custody pending his sentencing for several reasons.  Despite Defendant's broad assertion that he is not a flight risk or a danger to the community, (*see* Docket No. 123, ¶ 21), he has presented no evidence which would permit the Court to find by clear and convincing evidence that is so.  *See Smith*, 34 F. Supp. 3d at 544 (observing that  § 3143(a)(1) "'creates a presumption in favor of detention pending sentencing,' which a defendant can rebut only if she meets her high burden of proving by clear and convincing evidence that she is not a flight risk or a danger to the community") (citations omitted).  As the Court previously found, "the record shows that Defendant committed the cocaine trafficking offense in this case while he was on federal supervision in Criminal Nos. 08-139 and 09-267, thereby demonstrating his propensity to engage in illicit conduct which poses a danger to the community even when under court-ordered conditions." *Porter*, 2020 WL at 1061512 *3.  Nothing has changed since the Court's prior ruling.  As such, the Court again finds and concludes that Defendant would pose a danger to the community if released.[5]

---

[5]       The Court further finds that Dr. Brie Williams' Affidavit of March 27, 2020, attached to Defendant's Renewed Motion, does not establish that his release to home confinement is warranted.  *See* Docket No. 123-2.  Dr. Williams, who is a Professor of Medicine at the University of California, San Francisco in the Geriatrics Division, states that she "submit[s] this affidavit in support of any defendant seeking release from custody during the COVID-19 pandemic, so long as such release does not jeopardize public safety and the inmate can be released to a residence in which the inmate can comply with CDC social distancing guidelines." (*Id.*, ¶¶ 2, 4).  First, Dr. Williams' Affidavit has minimal value because it is submitted on behalf of "any defendant" and does not specifically address this Defendant's circumstances.  Moreover, contrary to Dr. Williams' caveat, Defendant's release would "jeopardize public safety" because he poses a danger to the community for reasons explained herein.  Furthermore, Defendant's suggestion that he should "be able to quarantine at his residence with his paramour and children," (Docket No. 123, ¶ 19), provides no assurance that he will comply with CDC social distancing guidelines, as Dr. Williams emphasizes is necessary.  Indeed, Defendant's Renewed Motion offers no information about the residence where he would supposedly quarantine to indicate that it would be better or safer than the ACJ for his stated health concerns given the widespread presence of COVID-19 in communities all around Pittsburgh and surrounding areas in Western Pennsylvania.  Finally, Defendant's release to home confinement would only add to the substantial burden already borne by the Probation Office at a time when conditions are not conducive to monitoring and supervision.

Even if Defendant could establish that he meets the conditions of release set forth in § 3143(a)(1), he has not clearly shown that exceptional reasons exist to warrant his release pending sentencing based on the potential spread of COVID-19 at the ACJ and his health conditions. *See Smith*, 34 F. Supp. 3d at 553 ("The burden is on Defendant to show by clear and convincing evidence why her detention would not be appropriate based on exceptional reasons."). To this end, the Third Circuit Court of Appeals has recently held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). This Court similarly has ruled that speculation concerning present or future conditions involving COVID-19 at the ACJ does not suffice to establish exceptional reasons warranting release under 18 U.S.C. § 3145(c). *See United States v. Jones*, Crim. No. 18-100, 2020 WL 1674145, at *4 (W.D. Pa. Apr. 6, 2020) (Fischer, J.); *United States v. Jamar Perminter*, Crim. No. 19-145, Docket No. 74 (W.D. Pa. Mar. 25, 2020) (Fischer, J.). Although the Court recognizes the potential for Defendant's exposure to the COVID-19 virus at the ACJ, that potential currently exists anywhere in the community. As explained in the Government's Response, the ACJ, along with this Court and other stakeholders, have taken precautions to mitigate the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. *See* Docket Nos. 125 at 5-7; 131 at 1-2.

The Court certainly appreciates Defendant's health concerns and is sympathetic to his general concern about COVID-19. However, the information and medical records attached to the

Government's Sur-reply indicate that Defendant's medical needs are being addressed at the ACJ,[6] he continues to receive treatment and medication and the possibility that he could have irritable bowel syndrome or Crohn's disease will be addressed at his upcoming appointment with an outside specialist. Moreover, although several ACJ inmates have tested positive for COVID-19, Defendant has not established that he has been exposed to the virus.[7] As this Court and others have repeatedly ruled, concern about potentially contracting the virus is currently too uncertain to rise to an exceptional reason for release, even for inmates with underlying health conditions, including asthma, high blood pressure and Crohn's disease. *See e.g., Perminter*, Crim. No. 19-145, Docket No. 74 at 7-8 (underlying condition of asthma, coupled with speculation about COVID-19, is not an exceptional reason for release); *United States v. Kahlil Shelton*, Crim. No. 17-260, Docket No. 292 at 4-5 (W.D. Pa. Apr. 21, 2020) (Schwab, J.) (asthma and potential for exposure at ACJ, where four county inmates have tested positive, not exceptional reasons to justify release); *United States v. Francis*, Crim. No. 17-301, 2020 WL 1912214, at *2 (W.D. Pa. Apr. 20, 2020) (Conti, J.) (denying motion for release from ACJ for 69 year-old defendant with severe arthritis, Hepatitis C, and hip condition requiring a second hip replacement); *United States v. Jackson*, Crim. No. 18-216, 2020 WL 1445958, at *2-*3 (W.D. Pa. Mar. 24, 2020) (Ambrose, J.) (severe asthma and allergies did not warrant release); *United States v. Willie Harris*, Crim. No. 18-152, Docket No. 986 at 4 (W.D. Pa. Mar. 20, 2020) (Schwab, J.) (diabetes, hypertension and sleep apnea were not exceptional reasons justifying release); *United States v. Wright*, No. 3:18-cr-635-

---

[6]     The Court notes that Defendant has appeared to be in good physical condition when he has attended court proceedings in this case. Further, until filing his Renewed Motion for release pending sentencing, Defendant never previously raised any concerns with the Court regarding the ACJ's treatment of his medical conditions.

[7]     Defendant asserts that an ACJ employee tested positive for COVID-19 and "it is believed that [he] had contact with this employee in December, 2019." (Docket No. 123, ¶ 14). Even if Defendant's assertion is accurate, any exposure occurred four months ago when the individual did not have the virus.

N, 2020 WL 1694298 (N.D. Tex. Apr. 7, 2020) (denying release of defendant with Crohn's disease).

All told, after careful consideration of the parties' arguments in light of the record as a whole, the Court concludes that Defendant does not meet the requirements of 18 U.S.C. § 3145(c) for release pending sentencing. *See Porter*, 2020 WL 1061512, at *3; *see also Jones*, 2020 WL 1674145, at *4; *Perminter*, Crim. No. 19-145, Docket No. 74 at 8.

## IV.    CONCLUSION

For all of these reasons, IT IS HEREBY ORDERED that Defendant's sealed Renewed Motion for Release Pending Sentencing (Docket No. 123) is DENIED.

<u>s/Nora Barry Fischer</u>
Nora Barry Fischer
Senior United States District Judge

Dated: April 27, 2020

cc/ecf: All counsel of record

11