IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.  ) | Criminal No. 18-68 |
| ) | Judge Nora Barry Fischer |
| RASHIKA PORTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Presently before the Court are Defendant Rashika Porter's pro se Motion and Supplement for Release/Reduced Sentence, (Docket No. 170; Docket No. 172), the Government's Response (Docket No. 173), Defendant's Reply (Docket No. 177), the Government's Sur-reply (Docket No. 179), Defendant's Amended Motion and Supplement (Docket No. 181; Docket No. 183), and the Government's Response (Docket No. 185). Defendant's motions are further supported by medical records filed under seal. (Docket No. 186). Defendant seeks to reduce the 48-month sentence imposed by this Court to time served based on his medical conditions as well as the risk posed by COVID-19 spreading within the correctional institution at which he resides. (Docket Nos. 170; 172; 177; 181; 183). The Government counters that compassionate release is not warranted because: (1) Defendant has not exhausted his administrative remedies; (2) Defendant has not shown an "extraordinary and compelling" reason for relief; and, (3) the 18 U.S.C. § 3553(a) factors otherwise do not justify a reduction in his sentence. (Docket Nos. 173; 179; 185). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [170] and Amended Motion [183] are denied.

**II. BACKGROUND**

On March 14, 2018, a grand jury returned an indictment charging Defendant with one count of possessing with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), for conduct occurring on or about March 22, 2017. (Docket No. 1). He pled guilty to the count on December 2, 2019. (Docket No. 107). On January 29, 2021, a sentencing hearing was held at which the Court carefully examined the 18 U.S.C. § 3553(a) factors, including Defendant's physical health conditions and the harshness of incarceration during the COVID-19 pandemic. The Court denied the Government's motion for an upward variance, granted his motion for a downward variance, in part, and imposed a sentence of 48 months' imprisonment to be followed by a term of supervise release. (Docket No. 169). Defendant did not appeal his conviction and sentence.

A few weeks later, on February 9, 2021, Defendant appeared before Judge Donetta W. Ambrose and was sentenced to a total of 30 months' incarceration for his supervised release violations at Criminal Nos. 08-139 and 09-267. Judge Ambrose ordered the sentence to run consecutively to the 48-month sentence in this case. He did not appeal the sentences for the supervised release violations, but he did file a motion for release on November 15, 2021 that is apparently identical to his Amended motion in the present case. When accounting for all of Defendant's federal cases, he received a total sentence of 78 months. As the Court noted at the sentencing hearing, Defendant had been in custody since the date of his arrest on March 22, 2017. The BOP website indicates that his projected release date is October 3, 2022 if he is awarded all good time credits. The BOP does not specify which of the sentences he is currently serving.

Defendant was in custody at the Allegheny County Jail on the date of his sentencing. As he explains in his filings, he was transferred to several different facilities including Tallahatchie

County Correctional Facility and Grady County Jail before he reached FCI Terre Haute, where he is currently housed.

On August 18, 2021, Defendant filed the instant motion for compassionate release. (Docket No. 170). He supplemented his motion on September 10, 2021. (Docket No. 172). The Government responded in opposition on September 16, 2021. (Docket No. 173). Defendant replied on October 19, 2021. (Docket No. 177), and the Government filed a sur-reply on November 2, 2021. (Docket No. 179). On November 9, 2021, Defendant supplemented his motion (Docket No. 181), and then submitted an amended motion on November 16, 2021. (Docket No. 183). Finally, the Government responded to the supplement and amended motion and provided Defendant's medical records. (Docket No. 185; Docket No. 186). As such, the Court considers Defendant's motions to be fully briefed and ripe for disposition.

### III. DISCUSSION

The Court initially turns to the prevailing legal standard. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed." (internal quotation marks omitted) (quoting 18 U.S.C. § 3582(c))). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). To obtain relief under § 3582, a defendant must request that "the Director of the Bureau of Prisons," seek a reduction of the defendant's sentence before the court that sentenced him. § 3582(c)(1)(A). Or, if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier," the defendant may file a motion before the sentencing court on his own behalf. § 3582(c)(1)(A). Assuming a defendant's motion is properly before the sentencing court, "a prisoner's motion may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a)," to the extent they are applicable. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021).[1]

### A. Administrative Exhaustion

At the outset, the Court notes that the parties dispute whether Defendant has properly exhausted his attempt to seek release with the BOP. Defendant explains that he "filed for compassionate release" with the warden at the Tallahatchie County Correctional Facility (a non-BOP facility), located in Tutwiler, Mississippi. (Docket No. 177 at 1; Docket No. 173-1 at 1). He received no response, but a "counselor" at the facility told him that the warden had no power to grant release. *Id.* Defendant was transferred to FCI Terre Haute in Terre Haute, Indiana on August 30, 2021 but has not made a request for compassionate release to the Warden of that facility. (Docket No. 173-1 at 1). Section 3582(c) permits a defendant to bring a motion to a court after "30 days from the receipt of such a request by the warden of the defendant's facility." *See also United States v. Harris*, 973 F.3d 170, (3d Cir. 2020). Given the facts before it, the Court finds that Defendant's motion is properly before the Court because he sought relief from "the warden of [his] facility" several months ago. Nonetheless, the Court finds that "extraordinary and compelling"

---

[1]   As the Third Circuit in *Andrews* explained, no "applicable policy statements issued by the Sentencing Commission" presently bind the Court because the Sentencing Commission has not updated its policy statements to address prisoner-initiated compassionate release motions. 12 F.4th at 259 n.4. Still, the policy statements remain persuasive authority for the Court as it determines what constitutes an "extraordinary and compelling" reason for a sentence reduction. *Id.* at 259-60.

4

reasons do not exist to warrant a reduction in Defendant's sentence. Additionally, the Court finds that weighing the § 3553(a) factors reveals that a sentence reduction is not warranted.

### B. Extraordinary and Compelling Reasons

The Court next turns to whether "extraordinary and compelling" reasons exist to warrant a sentence reduction. The Third Circuit has provided guidance in how to interpret the rather "amorphous" phrase "extraordinary and compelling." *Andrews*, 12 F.4th at 260. It approved of district courts consulting "the text, dictionary definitions, and the policy statement" provided by the United States Sentencing Commission to interpret what constitutes an "extraordinary and compelling" reason for a reduction in a sentence. *Id.* As relevant here, the Sentencing Commission has declared that a defendant who "suffer[s] from a serious physical or medical condition" could have an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. § 1B1.13 app. 1(A)(ii).

After careful review of the Defendant's medical records and the briefs, it is the Court's view that Defendant has not demonstrated an "extraordinary and compelling" ground for a sentence reduction. The Third Circuit Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597. In light of this holding, the question this Court must address is whether the presence of COVID-19 and some other condition exacerbating the effects of a COVID-19 diagnosis could qualify as an "extraordinary and compelling" reason to reduce a defendant's sentence.

As noted, the Court considered all of Defendant's physical health conditions at the time of his sentencing in January of 2021 and the alleged lack of access to medical treatment while he was

incarcerated. Defendant claims to have experienced medical episodes related to his high blood pressure since his sentencing, but his medical records reveal that he has received treatment and he has not established changed circumstances since his sentencing sufficient to warrant a sentence reduction. (Docket No. 170 at 1, 4; Docket No. 177 at 3; Docket No. 186 at 31-32, 35). In this regard, Defendant's medical records reveal that his blood pressure is in a "good range" of 111 over 73 as of September 27, 2021. (Docket No. 186 at 31-32, 35). Defendant also claims that he contracted COVID-19 twice, (Docket No. 183 at 1), and says that Dr. Winters from the Allegheny County Jail diagnosed him as a "COVID long hauler." *Id.* at 2. Defendant's medical records, on the other hand, reveal that he tested negative for COVID-19 on September 16, 2021 and November 5, 2021. (Docket No. 186 at 51, 64). He also received the Johnson & Johnson vaccine on April 13, 2021. *Id.* at 43.

Defendant claims several other health problems, some of which the Centers for Disease Control and Prevention ("CDC") regards as increasing the risk of a severe case of COVID-19, including asthma and being a smoker. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed 12/17/2021). However, Defendant's risk of severe symptoms from a COVID-19 infection is lessened because he has been vaccinated, and he claims that he has already contracted COVID-19 on two occasions. (Docket No. 186 at 43, 51, 64); *see Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (explaining that natural immunity removes the "imminent risk of serious physical injury" from again contracting COVID-19 and that the widespread availability of vaccines "'eliminates' need for compassionate release" (citation omitted)). As this Court has previously noted, "vaccination significantly mitigates the risks associated with a subsequent COVID-19 infection." *United States v. Duell*, Crim. No. 15-87, 2021 WL 4805489, at *3 (W.D. Pa. Oct. 14, 2021) (quotations and citations

omitted); *see also United States v. Broadfield*, 5 F.4th 801, 802 (7th Cir. 2021) ("When [the defendant] filed his application for compassionate release, and when the district judge denied it, COVID-19 was a grave problem in America's prisons, where people cannot engage in social distancing. Today, however, effective vaccines are available.").

Additionally, while Defendant argues he may contract COVID-19 again and that numerous inmates at FCI Terre Haute have recently contracted COVID-19, the BOP reports that there is currently one positive case among the inmate population and six among staff population. *See https://www.bop.gov/coronavirus/* (last visited 12/17/2021). All told, the record before the Court indicates that Defendant is a 45-year-old with various health conditions that are being treated, who recovered from his past COVID-19 diagnoses. *See United States v. Alford*, No. 08-374, 2021 WL 1561508, at *8 (W.D. Pa. Apr. 21, 2021) (denying compassionate release, despite defendant's high risk of suffering grave illness or death as a result of contracting COVID-19, in light of the fact that defendant had actually contracted COVID-19 and survived without suffering grave illness or death); *United States v. Banks*, No. 2:15-CR-00168, 2021 WL 2373724, at *3 (W.D. Pa. June 9, 2021) (finding that defendant did not raise and extraordinary and compelling reason for release when he pointed to his history of high blood pressure).

For all of these reasons, Defendant has failed to show that he "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [him] unable to provide self-care in a correctional environment." *United States v. Wallace*, Crim. No. 19-49, Civ. No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing *United States v. Hammond*, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)). Therefore, it is this Court's opinion that Defendant has failed to meet his burden of proving that extraordinary or compelling circumstances justify his early release.

### C. Section 3553(a) Factors

In the alternative to its "extraordinary and compelling" finding, the Court now turns to the analysis of the § 3553(a) factors to determine if Defendant is entitled to a sentence reduction. In an effort to justify his release, Defendant makes various complaints about his sentence and his conditions in prison unrelated to his medical problems. He recounts the difficult experience of living through a "23-1" lockdown at the Allegheny County Jail for eighteen months. (Docket No. 170 at 3). He also contests the severity of his criminal history, assures the Court that he has reformed his ways, and argues that the time he has already served since March 22, 2017 is enough to warrant release. (Docket No. 177 at 4-5; Docket No. 183 at 2).

After carefully reviewing the record, the Court finds that Defendant's circumstances do not outweigh the § 3553(a) factors, and a reduction in his sentence is not warranted. To that end, Defendant pled guilty to possessing with intent to distribute cocaine (Docket No. 107). At the sentencing hearing, the Court weighed the § 3553(a) factors, including Defendant's criminal history and remorse, and exercised its discretion and sentenced Defendant to 48 months' imprisonment. (*See* Docket No. 169). The sentence imposed accounted for the severe conditions Defendant faced while serving the sentence during the pandemic, and the Court understood that he was also subject to a sentence for his supervised release violations which would likely be imposed consecutively. The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

In that regard, Defendant's 48-month sentence was below the advisory guideline range of 51-63 months' incarceration.[2] (Docket No. 165 at 2). The Court varied from the sentence because of the harshness of conditions in prison caused by the pandemic, Defendant's lack of youthful guidance, and his pre-sentence rehabilitation. Neither party appealed the 48-month sentence, and the Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). While Defendant has served a significant period of time in prison, it is the Court's belief that serving the full term of the 48-month sentence properly accounts for the seriousness of the offense and the gravity of Defendant's drug trafficking. *See id.* § 3553(a)(2)(A); (Docket No. 107); *see also United States v. Gay*, Crim. No. 14-154, Docket No. 153 (W.D. Pa. Feb. 19, 2021); *United States v. Page*, 859 F. App'x 635, 636-37 (3d Cir. Sept. 27, 2021) (affirming a district court's denial of a compassionate release motion when the defendant had approximately ten percent of his sentence remaining).

Additionally, the 48-month sentence is necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2). *See also United States v. Williams*, Criminal No. 18-235, 2020 WL 4934659, at *7 (W.D. Pa. Aug. 24, 2020) ("As this Court has repeatedly observed, drug trafficking poses a substantial risk of harm to the community."); *United States v. Atkins*, Criminal No. 15-87, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs."). Finally, the 48-month sentence provides general deterrence to others and also promotes respect for the law, where reducing the sentence to time served, as

---

[2]   Defendant's sentence is also below the guideline range he would have faced if the Court had found that he was a career offender, a status he avoided because of the Third Circuit's holding in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc).

9

requested by Defendant, "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

### IV. CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion [170] and Amended Motion [183] seeking compassionate release are DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date:   December 17, 2021

cc/ecf: All counsel of record.

Rashika Porter

BOP # 09987-068

FCI Terre Haute

P.O. Box 33

Terre Haute, IN 47808

(via U.S. mail)